GARY W. CALLISON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Callison v. Commissioner
Docket No. 14359-92
United States Tax Court
T.C. Memo 1993-500; 1993 Tax Ct. Memo LEXIS 511; 66 T.C.M. (CCH) 1174; November 1, 1993, Filed *511 Decision will be entered under Rule 155. Gary W. Callison, pro se. For respondent: Michael Lloyd. PETERSON
PETERSON
MEMORANDUM OPINION PETERSON, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 182. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined deficiencies in petitioner's Federal income tax for his taxable years 1987 and 1988 in the respective amounts of $ 2,040 and $ 1,845, and also determined an addition to tax attributable to the deficiency for the taxable year 1988 in the amount of $ 92 under section 6653(a)(1). After concessions by the parties, the issues for decision are: (1) Whether petitioner is entitled to claimed deductions for taxable years 1987 and 1988 in the respective amounts of $ 443 and $ 1,132 for expenses incurred while traveling back and forth the same day between his personal residence and work sites in the Black Hills National Forest; (2) whether petitioner is entitled to deductions for taxable years 1987 and 1988 in *512 the respective amounts of $ 801 and $ 864 for meal expenses incurred while working overnight in the Black Hills National Forest; (3) whether petitioner is entitled to claimed deductions for taxable years 1987 and 1988 in the respective amounts of $ 1,455 and $ 1,573 for depreciation on his workshop, which is a separate building adjacent to his personal residence; and (4) whether petitioner is entitled to a claimed deduction for taxable year 1987 in the amount of $ 459 for real estate taxes incurred which are attributable to his workshop. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioner resided in Belle Fourche, South Dakota, at the time his petition was filed. During the years in issue petitioner worked as both a professional "cutter" (an individual whose occupation is to cut down trees) and "skidder" (an individual whose occupation is to remove trees from their cut location and place them in position to be readied for a sawmill by another worker) in and around the Black Hills National Forest (Black Hills). Petitioner was both a contractor and a subcontractor during the years *513 in issue. As a contractor, petitioner owned the right to remove timber from certain parcels of land and had people working for him on that land. As a subcontractor, petitioner worked for other contractors. The parcels of land from which timber is removed are referred to in the industry as "sales". During the taxable year 1987 petitioner worked on three different sales. During the taxable year 1988 petitioner worked on five different sales. Within each different sale, petitioner cut and skidded trees in many different locations. Petitioner was paid by the contractors based on the length (per thousand-board feet) of trees he felled. During the years in issue petitioner usually drove back and forth between his personal residence and his various working sites in the Black Hills, but occasionally he stayed overnight when working in more remote locations. In performing his cutting and skidding work, petitioner furnished his own truck, fuel, and trade tools, which included, among other things, a number of chain saws and a skidder (a vehicle used to haul felled trees, which looks somewhat like a bulldozer or over-sized tractor with a 16-ton winch on its back end). Petitioner carried *514 most of his trade tools with him in his truck when he went to his cutting sites, but he maintained a workshop adjacent to his home where he stored, maintained and repaired his equipment. Petitioner spent numerous hours per week in his workshop, and his workshop premises were absolutely essential to his business. Petitioner could not have maintained or repaired his cutting or skidding equipment without the use of his workshop. Petitioner has worked in the timber industry since 1978, and has a fine reputation in his field. During the years in issue he received work based on bids for contracts he prepared and submitted from his personal residence, from word of mouth contacts where industry persons called him at home and requested his services, and by following up on advertised sales of timber for harvest. Each of the issues in this case stems from respondent's contention that petitioner's principal place of business during the years in issue for his trade or business as a cutter and skidder was in the Black Hills, and from petitioner's opposite contention that his principal place of business was at his workshop and surrounding premises (i.e., his personal residence). Respondent's *515 arguments are: (1) That petitioner's claimed deductions for traveling back and forth the same day between his personal residence and the Black Hills constituted nondeductible commuting expenses; (2) that petitioner is not entitled to claimed deductions for meal expenses incurred while working overnight in the Black Hills because his tax home (principal place of business) was in the Black Hills, and he therefore was not "away from home" as required by section 162(a)(2); and (3) that petitioner is not entitled to claimed deductions for depreciation and real estate taxes related to use of his workshop during the years in issue because the workshop was not used significantly enough in petitioner's business to warrant such deductions. Respondent does not dispute petitioner's substantiation of any of the amounts at issue in this case. Petitioner contends that he is entitled to deduct each of the items in issue because they constitute ordinary and necessary business expenses incurred in carrying on his trade or business as a cutter and skidder, the principal place of business of which was located at his workshop and surrounding premises (i.e., his personal residence). Deductions are a *516 matter of legislative grace and petitioner bears the burden of proving his entitlement to their claimed deduction in issue. . Based on the facts of this case we agree with petitioner. We have previously examined whether a timber worker's principal place of business was at his work shop and surrounding premises (i.e. his personal residence) or in the forest itself, on facts essentially indistinguishable from this case. . In Walker, the taxpayer also was a timber worker who worked in the Black Hills and traveled back and forth on a daily basis from his personal residence to various locations in the Black Hills to cut timber; also required use of a truck and carried with him in his truck the tools of his trade; also maintained a workshop adjacent to his home where he stored, maintained and repaired his working equipment; and also obtained work assignments using his home as his base of operation. Based on the record in Walker we concluded that the taxpayer's workshop and surrounding premises (i.e., his personal *517 residence) comprised his principal place of business, and allowed the taxpayer to deduct the expenses he incurred for traveling between his personal residence and his cutting sites in the Black Hills. We reached this conclusion after finding that the taxpayer used the workshop and surrounding premises to perform "every business function necessary to his business of cutting timber except for the actual cutting of the trees", and that the "workshop was absolutely essential to his business". . In making this finding, we compared the importance of any of the many locations on which the taxpayer cut timber with the significance of his workshop where he performed all of the other necessary functions of his business besides actual cutting. See also , affd. without published opinion . After due consideration we find that there are no essential facts in the instant case distinguishable from those presented in Walker, and no legal arguments presented by respondent in the instant case *518 which were not addressed and rejected in Walker. On the basis of our reasoning in , we conclude that during the years in issue, petitioner's principal place of business for his trade or business as a cutter and skidder was his workshop and surrounding premises (i.e., his personal residence), and hold that he is entitled to deduct the expenses at issue in this case for the respective years in issue. To reflect the parties' concessions, Decision will be entered under Rule 155.